UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:11-CV-00474-H

VICKI BARRETT												PLAINTIFF

V.

AETNA LIFE INSURANCE COMPANY									DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This is an ERISA case in which Plaintiff appeals the denial of her application for disability benefits from the Federal Express Corporation short term disability plan (the "STD Plan"). Both parties have moved for summary judgment based on the Administrative Record. Preliminary to the examination of the medical records, the Court will set forth the context of its review.

**I.**

The STD is a self-funded plan for which Federal Express is the Plan Administrator for all purposes, except that Aetna Insurance Company ("Aetna") makes all the decisions regarding claims. Consequently, any judgment for benefits would be executed against Federal Express though it is not actually a party to the lawsuit at this time. In any event, because Federal Express has separated itself entirely from the claims decisions, the Court finds no basis upon which to say that it has a conflict of interest. *See Kalish v. Liberty Mut./Liberty Life Assurance Co. of Bos.*, 419 F.3d 501, 506 (6th Cir. 2005); *Killian v. Healthsource Provident Adm'rs, Inc.*, 152 F.3d 514, 521 (6th Cir. 1998).

Federal Express operates an STD Plan and the long term disability plan (the "LTD Plan") which are separate and distinct for claims purposes. Plaintiff has appealed the denial of her

claim under the STD Plan only.  Plaintiff has neither initiated nor exhausted an LTD claim.  The

Court finds no reason to ignore the failure to exhaust the LTD Plan remedies.  A meaningful

process is in place to do so and Plaintiff has not shown that the exercise of those rights would be

futile.

## II.

Two other matters are vital in considering this appeal.  First, the STD Plan definition of a

"disabled" employee is quite specific.  Section 1.1(j) of the STD Plan states:

> <u>Disability or Disabled shall mean Occupational Disability;</u>
> provided, however, that a Covered Employee shall not be
> deemed to be Disabled or under a Disability unless he is, during
> the entire period of Disability, under the direct care and
> treatment of a Practitioner and such Disability is substantiated
> by significant objective findings which are defined as signs
> which are noted on a test or medical exam and which are
> considered significant anatomical, physiological or
> psychological abnormalities which can be observed apart
> from the Plaintiff's symptoms. In the absence of significant
> objective findings, conflicts with managers, shifts and/or work
> place setting will not be factors supporting disability under the
> Plan.

The importance of the provision is that it requires significant objective medical findings to

support a claim of disability.  Absent such findings, a disability claim will not be allowed.

Second, Plaintiff must show that Defendant has acted arbitrarily and capriciously in

denying her claim.  STD Plan § 4.3(d) expressly allows Aetna to interpret the terms of the plan

and determine eligibility for benefits.  This grant of discretionary authority implicates arbitrary

and capricious review, a highly deferential standard.  *Yeager v. Reliance Standard Life Ins. Co.*,

88 F.3d 376, 380 (6th Cir. 1996).  The Court must decide only whether the administrator's

decision was rational in light of the plan's provisions.  *Williams v. Int'l Paper Co.*, 227 F.3d 706,

712 (6th Cir. 2000) (citing *Daniel v. Eaton Corp.*, 839 F.2d 263, 267 (6th Cir. 1988)).  Plaintiff bears the burden of proof to show that the administrative decision was arbitrary and capricious. *See Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 985 (6th Cir. 1991).

### III.

Plaintiff held the title of Senior Service Agent at Federal Express.  Her duties and responsibilities included communicating with customers, locating packages, operating office machines, performing monetary transactions, preparing and reviewing paperwork, and lifting packages weighing up to seventy-five pounds.  However, this lifting requirement could be modified with approval.

Plaintiff applied for STD Plan benefits for the period beginning November 23, 2010.  On December 13, 2010, Aetna advised that the claim would be denied for insufficient supporting evidence.  On February 11, 2011, and June 27, 2011, Aetna issued final denial letters based upon the absence of significant objective findings to substantiate a functional impairment that would make her unable to perform her job.

Plaintiff was examined and treated by Dr. Mark Baird, Dr. Gary Fox, Dr. Brian Iglehart, Dr. Sheldon Levinson, Dr. Steven Stern, and Elizabeth Senn.  The Court's review of the treating physician records reveals that each found an impairment, but it does not show that they made significant objective findings of functional impairment.  Whether Plaintiff complained of chronic pain or cognitive difficulties, none of the physicians cited objective evidence to support their conclusions.

Plaintiff visited Dr. Stern to receive treatment for her joint pain.  Dr. Stern diagnosed her with generalized osteoarthritis, intervertebral disk degeneration, scoliosis, and possible

connective tissue disorders with no signs of synovitis.  Still, he noted that the "[e]xam was completely unremarkable."  Plaintiff demonstrated "full motion in all of the joints without limitations except for the knees."  The laboratory studies ordered by Dr. Stern indicated no sign of rheumatoid arthritis, lupus, or other autoimmune diseases.

Dr. Fox, a neurologist, found a major depressive disorder and generalized anxiety disorder.  All objective tests seemed normal.  Dr. Levinson reached a similar diagnosis, noting that the "[a]ssessment results appear to primarily reflect the ongoing emotion distress" not "cognitive deficits" or "an organic dysfunction."  Dr. Iglehart also asserted that Plaintiff's anxiety and depression prevented her from working, but he documented no abnormal examination findings.  Elizabeth Senn, a social worker, concluded that Plaintiff "needs a low stress job."

Dr. Baird provided a sworn statement analyzing the combined effects of Plaintiff's alleged mental and physical ailments, but this statement further demonstrated the lack of objective findings.  Dr. Baird, who treated Plaintiff for chronic pain and fibromyalgia, described her pain as a "subjective problem" and explained that as a physician "you basically have to trust that the person is telling you the truth."  Nevertheless, he did concluded that Plaintiff could not work an eight-hour day.  While a diagnosis based on self-reported symptoms might be satisfactory to receive medical treatment, such conclusions fall short of the significant objective findings required by the STD Plan.

In addition, Aetna solicited independent reviews of the medical records from several specialists:  Dr. Ibrahim Alghafeer, Dr. Elena Mendelssohn, Dr. Leonard Schnur, and Dr. Wendy Weinstein.  Each independent reviewer concluded that the medical records provided no

significant objective findings to support a functional impairment that could preclude Plaintiff from fulfilling the duties of her occupation.

As a general matter, Plaintiff reported stress, pain, and fatigue as limiting her functional abilities, but neither the treating nor reviewing physicians found any objective medical conditions.  Her primary problem seems to be a mental condition associated with depression and anxiety.  In this area, the absence of objective findings becomes particularly acute.

The STD Plan's requirement of significant objective findings established a heavy burden of proof.  The subjective nature of Plaintiff's conditions and complaints prevented that burden from being met.  While the Administrative Record contains an extensive medical history, objective findings are consistently absent, and where such findings appear, no abnormality is indicated.  Therefore, the Court concludes that Aetna's denial of disability benefits was appropriate and could not be characterized as arbitrary and capricious.

For the reasons stated in its Memorandum Opinion and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is SUSTAINED and Plaintiff's appeal is DISMISSED WITH PREJUDICE.

This is a final order.

cc:     Counsel of Record